IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

M&M CUSTARD, LLC, ET AL

Debtors[1].

Case No. 25-21650
Chapter 11

(Joint Administration Requested)

# MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO PAY CERTAIN PREPETITION TAXES

M & M Custard, LLC (**"M & M Custard"**) and certain of its affiliates, as debtors and debtors in possession (collectively, the **"Debtors"**), hereby move this Court, under sections 105(a), 362(d), 363(b), 507(a) and 541 of title 11 of the United States Code (the "Bankruptcy Code"), for the entry an order: (a) authorizing, but not directing, Debtors to pay prepetition taxes, including sales and use taxes, franchise taxes, and certain other taxes or fees that may be necessary for Debtors to continue to conduct business or for which there may be personal liability for responsible officers or directors (collectively, the **"Prepetition Taxes"**) owed by Debtors to various federal, state and local taxing authorities (collectively, the **"Taxing Authorities"**), including all Prepetition Taxes subsequently determined upon audit to be owed for periods prior to the Petition Date, by whatever means Debtors may deem appropriate, including, without limitation, the issuance of postpetition

---

[1] The other Debtors in these Chapter 11 cases are as follows, with the last four digits of their respective EINs: M & M Jefferson City Restaurant, LLC (3475); M & M Sedalia Restaurant, LLC (5861); M & M Columbia Restaurant, LLC (6214); M & M St. Peters Restaurants, LLC (0974); M & M Cottleville, LLC (3657); M & M St. Robert, LLC (8021); M & M Evansville, LLC (2097); M & M O'Fallon, LLC (9142); M & M Owensboro, LLC (0465); M & M Cave Springs, LLC (7421); M & M Marion, LLC (8165); M & M Carbondale, LLC (8505); M & M Evansville West, LLC (7386); M & M Columbia South, LLC (2759); M & M Hopkinsville, LLC (0953); M & M Jackson, LLC (4519); M & M Paducah, LLC (9615); M & M Florissant, LLC (1820); M & M Lexington, LLC (7420); M & M Columbus, LLC (4986); M & M Franklin, LLC (3589); M & M Seymour, LLC (9539); M & M Bloomington, LLC (8844); M & M Nicholasville, LLC (5930); M & M Ellisville, LLC (3011); M & M Richmond, LLC (0268); M & M Wentzville, LLC (3051); M & M Gardner, LLC (4334); M & M Lake St. Louis, LLC (8426); M & M Valley Park, LLC (3145); M & M Martin City, LLC (2963). The Debtors' corporate headquarters and service address for these Chapter 11 cases is 7111 West 151st St, Suite 112, Overland Park, KS 66223.

4903-7775-7305, v. 1

checks and electronic transfers of funds and granting related relief, and in support thereof, respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On November 14, 2025 (the **"Petition Date"**), M & M Custard, LLC commenced its reorganization case by filing a voluntary petition for relief under the Bankruptcy Code. Certain of M & M Custard's subsidiaries filed petitions for relief on November 14, 2025. All Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor M & M Custard is a Missouri corporation with its principal place of business in Overland Park, Kansas. Each of the other Debtors are subsidiaries of M & M Custard.

4. A comprehensive description of Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Eric Cole in Support of Certain Requests for First Day Relief (the **"First Day Declaration"**), which was filed contemporaneously herewith and is incorporated herein by reference.

5. Debtors, in the ordinary course of their businesses, incur Prepetition Taxes. Prior to the Petition Date, Debtors assert that Prepetition Taxes were collected, withheld or incurred but have not yet been paid or remitted to the relevant Taxing Authority. These taxes are described below.

6. Debtors are required to pay certain sales taxes, gross receipts taxes and other similar taxes in connection with the sale of goods to their customers and purchases of tangible personal property (collectively, the **"Sales Taxes"**). Debtors are also required to pay use taxes (collectively, the **"Use Taxes"** and together with the Sales Taxes, the **"Sales and Use Taxes"**) when they make certain purchases of

tangible personal property, Debtors are also required to pay property taxes in connection with the lease of certain parcels of land.

7. Debtors respectfully submit that the Court should authorize the payment of the Prepetition Taxes because: (a) certain of the Prepetition Taxes do not constitute property of Debtors' chapter 11 estates; (b) certain of the Prepetition Taxes constitute secured or priority claims, the payment of which will not prejudice general unsecured creditors; (c) the failure to pay certain of the Prepetition Taxes may impact Debtors' ability to conduct business in certain jurisdictions; (d) Debtors' officers or directors may face personal liability and, possibly, criminal charges if certain of the Prepetition Taxes are not paid. Debtors have sufficient cash on hand to pay any Prepetition Taxes they might owe. Accordingly, Debtors have filed this Motion to avoid potential business disruptions that could arise as a result of a failure to pay the Prepetition Taxes.

8. Section 363(b) of the Bankruptcy Code allows a debtor, after notice and hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor's decision to use, sell or lease assets outside the ordinary course of business must be based upon a sound business purpose.

9. As set forth below, Debtors have ample business justifications to pay Prepetition Taxes. Thus, the relief requested in this Motion should be granted under section 363(b) of the Bankruptcy Code or, in the alternative, section 105(a) of the Bankruptcy Code and the doctrine of necessity.

10. Debtors believe that some of the Prepetition Taxes would be priority claims under section 507(a)(8) of the Bankruptcy Code. See 11 U.S.C. § 507(a)(8) (according priority status to certain taxes including taxes on or measured by income, property taxes, taxes required to be collected by Debtors, employment taxes and excise taxes). As priority claims, these taxes must be paid in full before Debtors may obtain confirmation of a chapter 11 plan or make distributions to general unsecured creditors. See 11 U.S.C. § 1129(a)(9)(C). Accordingly, the proposed relief will only affect the timing of the payment of

such taxes and not whether such amounts ultimately will be paid. As such, payment of the Prepetition Taxes will not prejudice the rights of general unsecured creditors.

11. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, Debtors respectfully request that the Court: (i) enter an order granting the relief requested herein; and (ii) grant such other and further relief to Debtors as the Court may deem just and proper.

> Respectfully submitted,
>
> EVANS & MULLINIX, P.A.
>
> */s/ Colin N. Gotham*
> Colin N. Gotham, 19538
> 7225 Renner Road, Suite 200
> Shawnee, KS 66217
> (913) 962-8700; (913) 962-8701 (Fax)
> cgotham@emlawkc.com
> *Attorneys for Debtors*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system. In addition to those parties served with this document by the Court's CM/ECF System, the undersigned will serve a true and correct copy of the foregoing upon the Office of the US Trustee, the secured creditors, the twenty largest unsecured creditors, and file a separate Certificate of Service.

> */s/ Colin N. Gotham*
> Colin N. Gotham